. [No. 1947]

## A. E. BOYCE, RESPONDENT, v. GOLDFIELD THIRD CHANCE MINING COMPANY; JESSIE F. BAILEY, J. F. DOUGHERTY, AND MARVIN ARNOLD, INTERVENERS AND APPELLANTS.

1. JUDGMENT—MOTION TO SET ASIDE—DISCRETION OF COURT.

   B., as plaintiff, brought action against defendant corporation, of which he was the president, and recovered judgment. B., as judgment creditor, then redeemed property of defendant corporation sold upon execution under a judgment previously obtained against defendant corporation in favor of A. M. A., father of A., and other stockholders of defendant corporation, intervened and moved to set aside the judgment in favor of B., upon the ground of fraud in its procurement. B., consenting thereto, and interveners not objecting, the court made · an order, that the judgment in favor of B. would be set aside providing the property sold upon A.'s judgment was redeemed in favor of the corporation prior to the · expiration of the last day for such redemption, and continued the hearing until such last day. No redemption in favor of the corporation from the A. judgment having been made within the time prescribed in the order and it appearing that no such redemption would be made, the motion to set aside the judgment in favor of B. was denied, and further hearing upon the motion to set aside was also denied. *Held*, that the orders of the court were not erroneous.

2. PROCEDURE—DISCRETION OF COURT.

   When an indisputable fact appears upon a hearing in any case that makes necessary or proper the making of a certain order or the imposing of a certain condition, the court has the discretion to make the order or impose the condition at once without waiting for counsel to conclude.

3. JUDGMENT—FRAUD IN PROCUREMENT—REMEDY.

   An action in equity will lie to set aside a judgment which is procured by fraud.

4. CORPORATIONS—PRESIDENT—FIDUCIARY RELATION.

    A president of a corporation cannot take advantage of his position to gain a private benefit. Equity will decree a benefit gained by such fiduciary relation to inure to the benefit of the corporation or its stockholders.

5. SUPREME COURT—PROCEDURE—PRELIMINARY MOTIONS TO DISMISS.

    It is the practice of the supreme court to hear motions to dismiss and other preliminary motions together with the merits unless special reasons for the contrary exist.

6. SUPREME COURT—PROCEDURE—DISMISSALS NOT FAVORED.

    An appeal regularly taken will not be dismissed unless it clearly appears the appeal was taken for delay, or apparent want of prosecution is not accounted for.

APPEAL from the Seventh Judicial District Court; *Theron Stevens*, Judge.

Motion by Marvin Arnold and others, as interveners, to set aside a default judgment in favor of the plaintiff A. E. Boyce against the Goldfield Third Chance Mining Company, defendant. Motion denied. Interveners appeal from the judgment and order. **Affirmed.**

The facts sufficiently appear in the opinion.

*James K. Redington*, for Appellants.

*John F. Kunz* and *R. G. Withers*, for Respondent.

By the Court, NORCROSS, J.:

This is an appeal from a default judgment entered on the 1st day of November, 1909, and from an order made on the 31st day of January, 1910, overruling motion of interveners to vacate and set aside the default and the default judgment. Notice of appeal was filed March 30, 1910. The transcript was filed in this court January 2, 1911. Nothing further appears to have been done in the case until March 15, 1912, when counsel for respondent filed a motion and notice of motion to dismiss for want of prosecution; that the appeal was without merit and taken for delay merely. Affidavits were filed April 1 following upon the part of the appellants to the effect that the delay was due to an oral agreement between counsel that the case was to be taken up and disposed of at some time mutually agreeable to respective counsel.

Together with the affidavits, the brief on the part of appellants was filed. Conforming to the general practice in this court, the motion to dismiss was heard with the argument upon the merits. While the delay is not accounted for with entire satisfaction, the excuse for the delay, set out in the affidavits filed upon the part of appellants, is not controverted. We are not inclined to dismiss appeals regularly taken unless it clearly appears the appeal was taken merely for delay, or the apparent want of prosecution is not accounted for.

The motion to dismiss is denied.

The only questions discussed in the briefs and oral argument relate to the order refusing to set aside the default judgment. Upon an *ex parte* order made after the entry of judgment, based upon a petition verified by Marvin Arnold, the applicants were permitted to intervene upon behalf of themselves and other stockholders of the defendant company, who may elect to appear and become parties thereto, for the purpose of moving to set aside the judgment and permit a defense to be interposed to the action. Subsequently the motion to set aside was made and by the court denied.

It appears from the statement on appeal that, prior to the commencement of the action by the plaintiff Boyce, an action had been commenced in the lower court by the said Marvin Arnold against the above-named defendant, Goldfield Third Chance Company, and judgment obtained and entered on March 11, 1909; that on the 1st day of July, 1909, an execution issued on said judgment, and pursuant thereto a levy was made upon all the property of the said defendant, consisting of two mining claims in the Goldfield mining district, and on July 31, 1909, all right, title, and interest of the defendant was sold to Emery Arnold, the son of the plaintiff in said action, and the period for redemption of said real property by the said defendant under said sale expired on January 31, 1910; that on or about the 11th day of January, 1910, the plaintiff, A. E. Boyce, sold, transferred, and assigned for a valuable consideration all his right, title, and interest in and to his judgment obtained on November 1, 1909, to

Carl G. Johnson and Frank E. Johnson; that on or about
the 13th day of January, 1910, the said Carl G. Johnson
and Frank E. Johnson served notice upon the said Emery
Arnold and his attorney, James K. Redington, and also
served said notice upon J. F. Bradley, sheriff of Esmeralda
County, State of Nevada, of notice of intention to
redeem the said property as redemptioners and assignees
of the said judgment obtained by the said. A. E. Boyce,
and thereupon paid to the sheriff the amount paid by said
Emery Arnold for said property under said execution
sale, together with all penalties and assessments as
required by law, said notice of intention to redeem being
accompanied by the requisite affidavits as required by
law showing their right to redeem from said execution
sale.

The record further shows that upon the hearing of the
motion to set aside the judgment, and after certain documentary
evidence had been introduced and the testimony
of certain witnesses taken, and while a witness
was on the stand, "counsel for plaintiff offered to stipulate,
and without objection or exception made or offered by
or on the part of the interveners, or any one of them, and
S. L. Carpenter, attorney at law, being present in court,
as the representative of 200,000 shares of stock in the
defendant company of certain eastern stockholders, and
no objection or exception being offered or taken by the
said S. L. Carpenter or by James K. Redington, attorney
for the interveners, owning 90,000 shares of stock, it
then appearing from the evidence and by the admissions
of counsel for the interveners and by the records and
files of the court that the effect of granting the motion
would be, in the event that the company did not redeem
its property sold under execution sale on the judgment
obtained by Marvin Arnold, one of the interveners,
against the defendant, and purchased at said execution
sale by Emery Arnold, son of the said Marvin Arnold,
that the said Emery Arnold would take the entire property
of the company, and it further appearing that the
assignees of the judgment of the plaintiff, A. E. Boyce,
would be deprived of all possibility of realizing on the

judgment, if the property sold was not..redeemed by the company, and it appearing by the records, papers and files in this· action and· in the· action entitled *Marvin Arnold* v. *Goldfield Third Chance· Mining Company* that the said motion, if granted, would not be of any benefit whatsoever to the stockholders of the defendant as such, but would inure solely to the benefit of Emery Arnold, son of the intervener Marvin Arnold, and that therefore said motion was not made in good faith by the said interveners in behalf of the company, thereupon, in pursuance of the stipulation offered by counsel for plaintiff and not objected to or excepted to by the interveners, and which stipulation so offered was acquiesced in and accepted by the said interveners, the court made an order, which order was entered upon the minutes of the court and is as follows, to wit:

"'At this day this cause comes on in its regular order to be heard by the court, on the intervening petitioners' motion to set aside and vacate default judgment. Plaintiff appearing by his attorneys, S. W. Smith, Jno. F. Kunz, and R. G. Withers, Esqs., and the intervening petitioners by their attorney James K. Redington, Esq., the defendant company not being represented. Intervening petitioners present part of their oral and documentary evidence; witness McGarry is on the stand when the court orders in the premises that hearing be continued until Monday, January 31, 1910, at 3 o'clock p. m.; that, if property is redeemed from Arnold judgment in favor of the company by that time, plaintiff Boyce's default judgment be vacated and set aside; that, if Arnold judgment is not redeemed in favor of company by said time, the order will go denying this motion without prejudice to stockholders or company to take such proceedings as they may be advised for the purpose of protecting the rights of the company.'

"January 31, 1910, upon the resumption of the hearing of said motion under said last above-mentioned order, the court being first advised by the attorneys representing the several interests that no redemption had been made by the defendant company or by any one for it or in its

behalf, or that no redemption under the execution sale of the real property of the defendant would be made by the intervening stockholders or by any other stockholder of the company, the attorney for the interveners moved the court as follows: 'Come now said interveners and move the court to vacate, set aside, and for naught hold so much of the action, ruling, or order of the court, taken, made, or passed upon the 28th day of January, 1910, and entered upon the minutes, as reads as follows: "That, if the property is redeemed from the Arnold judgment in favor of the company by that time, plaintiff Boyce's default judgment be vacated and set aside; that, if Arnold judgment is not redeemed in favor of the company by said time, the order will go denying this motion without prejudice to stockholders or company to take such proceedings as they may be advised for the purpose of protecting the rights of the company." '

"This motion is based upon the following grounds, appearing upon the face of the record:

"(1) Said action, ruling, or order was improvidently taken, made, or passed during the presentation of the moving papers and the taking of testimony on behalf of said interveners, and before the conclusion of such presentation and such testimony, and while said interveners were proceeding, in regular order, under the rules of this court, to present said moving papers and testimony.

"(2) Said action, ruling, or order was taken, made, or passed without jurisdiction; the moving papers and testimony on behalf of said interveners not having been fully presented to or heard by the court.

"(3) Said action, ruling, or order was erroneous, because made before the full submission of the moving papers and testimony on behalf of the interveners.

"(4) Said action, ruling, or order was an abuse of the discretion vested in the court by law upon a motion to open or set aside a default or default judgment, for the reason: First, that the same was made without full opportunity to the interveners to present all their moving papers and testimony; second, that upon the moving

papers and testimony, so far as presented, the interveners have clearly established a right to have such default and default judgment vacated and set aside.

"(5) It was error for the court to decide the motion, either tentatively, conditionally, or otherwise, upon consideration of any fact connected with the Arnold judgment, or any redemption of the same; such judgment and no fact in connection with the same being before the court or within the judicial knowledge of the court.

"The foregoing motion was overruled by the court, to which action of the court the attorney for interveners then and there excepted. Whereupon attorney for the interveners further moved the court as follows: 'Come now the interveners and move the court for permission to resume the presentation of their moving papers and the introduction of testimony in support of said motion, and hereby offer and ask leave to introduce the oral testimony of the following-named witnesses, viz., L. E. McGarry, Marvin Arnold, A. E. Boyce, and any and all other witnesses whose names are included in the notice of motion served upon plaintiff. Interveners hereby also offer to introduce other and additional documentary evidence in support of said motion.'

"The foregoing motion was overruled by the court, to which action of the court attorney for interveners then and there excepted.

"It then appearing that no redemption had or would be made by the company defendant from the execution sale in the case of *Marvin Arnold* (one of the interveners) v. *Goldfield Third Chance Mining Company* (the defendant ·herein), and S. L. Carpenter, attorney at law, appearing in behalf of eastern stockholders, holding 200,000 shares of stock, stating that no redemption had or would be made and that the time to redeem from said judgment would expire that day, the following order was made, filed, and entered after settlement: 'On this 31st day of January, 1910, this cause came on to be heard upon the motion of interveners, Jessie F. Bailey, J. F. Dougherty, and Marvin Arnold, to vacate and set aside the default

and default judgment heretofore, to wit, upon the 1st day of November, 1909, entered in said cause, and also upon the motion of plaintiff to vacate and set aside the order of the court heretofore, to wit, upon the 19th day of January, 1910, found in said cause, permitting said interveners to intervene in the action and to appear and defend the same on behalf of the defendant; and the moving papers in connection with both of said motions having been read, and the oral testimony of some, but not all, of the witnesses on behalf of said interveners having been taken, and counsel for the respective parties having been heard, it is hereby ordered: (1) That said motion of interveners to vacate and set aside said default and default judgment be, and the same is hereby, overruled, upon the ground and for the reasons that, if granted, certain real estate of the defendants heretofore, to wit, July 31, 1909, sold under execution sale in the case of *Marvin Arnold* v. *Said Defendant*, and not at the date of this hearing redeemed by said defendant, will be lost to it; that, if overruled, said defendant will have two months from January 14, 1910, in which to redeem the same from the plaintiff, under redemption by him, as a redemptioner under his said judgment of November 1, 1909, from the purchaser at said sale of July 31, 1909, and that, under these circumstances, it would be inequitable to now and in this proceeding set aside said judgment of November 1, 1909. This order is without prejudice to the right of said interveners to take any such further proceedings to vacate and set aside said default and default judgment as they may be thereunto legally advised.'"

That the court did not err in denying the motion to set aside the judgment is, we think, manifest from a mere reading of the record. As soon as the court's attention was called to the fact that the time for redemption of the property of the defendant, sold upon the Arnold judgment, would expire on January 31, following, the court was justified in imposing a condition to further proceedings that the property be redeemed in favor of the defendant company. Otherwise, to set aside the Boyce

judgment could be of no benefit to the stockholders and would forever prevent Boyce from realizing on his claim, for the title to the property would be absolute in Emery Arnold, the son of one of the interveners. True, the interveners had not completed their showing in support of their motion to set aside at the time the order of January 28 was made, but the showing made thus far justified the order. No request at the time was made to be permitted to then conclude the hearing, nor was any exception taken to the order.

The motion subsequently made to set aside the order upon the ground that the court was without jurisdiction to make it is so clearly without merit as not to require any extended consideration. When an indisputable fact appears upon a hearing in any case that makes necessary or proper the making of a certain order or the imposing of a certain condition, the court has the discretion to make the order or condition at once, without waiting for counsel to conclude. It would seem from the record that counsel for the plaintiff was willing to have the judgment set aside, if the property was redeemed from the Arnold judgment in favor of the defendant company, and this notwithstanding that the testimony of interveners' witnesses who had testified, including the secretary of the company and one of the interveners, was quite to the contrary of the allegations made by interveners that the company had a defense to plaintiff's action or that he had secured his default judgment by fraudulent means.

If, as alleged by interveners, the plaintiff Boyce had secured his default judgment fraudulently, and interveners were acting in the interest of the stockholders and not selfishly to secure the benefit of the sale under the Arnold judgment, as alleged by the plaintiff, their rights were not cut off by the order denying the motion to set aside, for the same was made without prejudice. An action in equity would still lie to set aside the judgment for fraud. (*Nevada Con. M. Co.* v. *Lewis*, 34 Nev. 500). Boyce, being president of the company, could not take advantage of his position to gain a private benefit,

and if he acted fraudulently, as alleged, equity doubtless would decree his redemption from the sale under the Arnold judgment as accruing to the corporation or its stockholders.

The court exercised a sound legal discretion in refusing to grant the motion to set aside the Boyce judgment, and the judgment, subject to the order, and the order are affirmed.